## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4314 | **DATE** | July 12, 2013 |
| **CASE TITLE** | Earl Lee Wright (#06243) vs. U.S. Dept. of Justice, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed with prejudice for failure of the plaintiff to advise the court that he had "struck out." The case is terminated. The plaintiff's motion for attorney representation [#4] is denied as moot. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [**For further details see text below.**]      **Docketing to mail notices.**

## STATEMENT

The plaintiff, a Mississippi state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff appears to be challenging either parole revocation proceedings or perhaps a detainer lodged against him under an unspecified interstate compact.

The plaintiff seeks leave to proceed *in forma pauperis.* The motion must be denied because the plaintiff has accumulated at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least four of the plaintiff's previous federal actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Wright v. Rogers*, No. 4:97cv154 (N.D. Miss. Sep. 16, 1997) (dismissed for failure to state a claim); *Wright v. Lee*, No. 4:95cv168 (N.D. Miss. Oct. 26, 1995) (dismissed for failure to state a claim); *Wright v. Pucket*, No. 4:90cv206 (N.D. Miss. Jul. 16, 1993) (dismissed as frivolous); and *Wright v. Stainthorp*, No. 91 C 7679 (N.D. Ill. Dec. 17, 1991) (Leinenweber, J.) (dismissed as frivolous).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

In fact, the plaintiff has been repeatedly advised--as recently as last month--that he has "struck out." *See Wright v. Shaw*, No. 4:13cv068 (S.D. Miss.), Order of May 20, 2013 (Wingate, J.); *Wright v. Lauderdale County Circuit Clerk*, No. 4:12cv081 (S.D. Miss.), Order of May 31, 2012 (Wingate, J.); *Wright v. Mississippi Dept. of Corrections*, No. 4:12cv0346 (S.D. Miss.), Order of May 23, 2012 (Reeves, J.); and *Wright v. Lewis*, No. 3:08cv458 (S.D. Miss.), Order of August 22, 2008 (Jordan, J.). Notwithstanding his knowledge that he is barred from doing so, the plaintiff has nevertheless sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the court. Consequently, the plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is accordingly dismissed with prejudice.

However, having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*